**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| In re: | Case No. 25-30738 (AMN) |
| | Chapter 13 |
| Linda Ann Lee | |
| | |
| *Debtor* | ECF No. 22 |

## MEMORANDUM OF DECISION GRANTING *IN REM* RELIEF
## AND DISMISSING THE CHAPTER 13 CASE FOR CAUSE

On August 1, 2025, Linda Ann Lee (the "Debtor") filed a petition under Chapter 13 of the Bankruptcy Code. On September 30, 2025, creditor Wells Fargo Bank, N.A. (the "Movant" or "Wells Fargo") filed and served upon the Debtor a motion seeking relief from the automatic stay, pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(4). ECF No. 22 (the "Motion for Relief from Stay"). The Court entered a separate order granting relief under § 362(d)(1) on December 16, 2025. ECF No. 61.

The Movant holds a note and mortgage on real property owned by the Debtor known as 42 Morehouse Avenue, Milford, Connecticut (the "Property"). The Movant is also a plaintiff in a 2013 foreclosure action against the Debtor in Connecticut Superior Court, in which a judgment of foreclosure by sale was entered for the Property on August 28, 2015. S ee, *Wells Fargo Bank, N.A. v. Linda Ann Lee, et al.*, Connecticut Superior Court Case No. AAN-CV13-6014345-S (the "Foreclosure Case"); Foreclosure Case Doc. 131.

Pursuant to this Court's contested matter procedure, the Debtor was required to file any response to the Motion for Relief from Stay on or before October 14, 2025. Local Bankr.R. 9014-1. On October 8, 2025, the Debtor filed a request to extend this deadline to January 4, 2026, stating she had not received a copy of the Motion and

needed additional time to respond due to an unspecified disability. ECF No. 23. The Court issued an Order granting, in part, the Debtor's motion, extending the deadline to November 14, 2025. ECF No. 29.  The Debtor filed an Objection to the Motion for Relief from Stay on November 13, 2025 (the "Objection"). ECF No. 39.  In her Objection, the Debtor claimed the Movant was not entitled to relief under § 362(d)(4) because she had not engaged in serial filings for the sole purpose of delaying the foreclosure action and disputed, without providing additional evidence and in contradiction to the Court's records, that she had filed a total of six Chapter 13 cases in this Court. ECF No. 39. The original hearing on the Motion was scheduled for December 4, 2025. ECF No. 40.

      Separately, on October 14, 2025, the Chapter 13 Trustee (the "Trustee") filed a Motion to Dismiss Case for Inability to Propose a Confirmable Plan. ECF No. 26.  The Trustee then filed an amended Motion (the "Motion to Dismiss") on November 6, 2025. ECF No. 36.  In support of dismissal, the Trustee cited the Debtor's failure to make pre-confirmation payments and failure to propose any payments to creditors in the initial Chapter 13 Plan filed August 14, 2025. ECF Nos. 36, 15.  Though the Debtor was given opportunity to correct this, the Second Amended Plan filed December 3, 2025, also failed to propose any payments to creditors. ECF No. 56.

    A copy of the Trustee's Motion to Dismiss and Notice of Hearing for the matter was served upon the Debtor via first class mail. ECF No. 44.  The Debtor filed objections both to the original and the amended Motion to Dismiss. ECF Nos. 33, 50.  In support of these objections, the Debtor acknowledged that she did not propose payments to creditors in her plan, stating that the payment amount was yet to be determined. ECF No. 50.  The original hearing on the Trustee's Motion to Dismiss was

scheduled for November 6, 2025, ECF No. 27, and continued to December 4, 2025. ECF Nos. 34, 40.

### Standing

The Court concludes that Wells Fargo has standing to seek relief from the automatic stay set forth in 11 U.S.C. § 362(a). The state court's final judgment in the Foreclosure Case serves as a determination as to the Movant's standing to enforce both the note and mortgage. Pursuant to the *Rooker-Feldman* doctrine, the Bankruptcy Court cannot act as an appellate court for the Foreclosure Case. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine jurisdictionally bars federal courts from hearing "cases that function as de facto appeals of state-court judgments." *Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018). This Court's review of the result in the Foreclosure Case is barred under the *Rooker-Feldman* doctrine. The state court necessarily determined the Movant has standing to enforce the note and mortgage in the Foreclosure Case. The Bankruptcy Court cannot now serve as an appellate court to review that determination and will therefore abide by the state court's findings. *Smith v. Bendett & McHugh, P.C.*, No. 3:22-cv-239 (JAM), 2023 U.S. Dist. LEXIS 10792, at *6-10 (D. Conn. Jan. 23, 2023).

The Debtor has contended that the Movant's claim is based on a prior 30-year mortgage, rather than the current 15-year mortgage on the Property. See, ECF No. 39, p.14. However, the Movant's filings reference a 15-year mortgage. See, ECF No. 22, p. 18. Furthermore, the Debtor's argument on this point does not affect the requirement for this Court to adhere to the state court's findings in the Foreclosure Case.

Because the Movant has sufficiently established standing the Court may proceed to consider the merits of the Motion.

### 11 U.S.C. § 362(d)(4) – *In rem* Relief from Stay

Bankruptcy Code § 362(d)(4) authorizes the bankruptcy court to enter an Order granting *in rem* relief and preventing the imposition of a stay in any future bankruptcy filings relating to real property for a period of two years, when, among other things, "a creditor has demonstrated that the bankruptcy petition was filed as part of a scheme to delay, hinder, and defraud creditors," *In re O'Farrill*, 569 B.R. 586, 591 (Bankr. S.D.N.Y. 2017), and involves multiple bankruptcy filings affecting real property, *In re Muhaimin*, 343 B.R. 159, 167 (Bankr.D. Md. 2006).  11 U.S.C. § 362(d)(4).

The current case is the sixth bankruptcy case since 2016 filed by this Debtor and affecting the Property. As in the prior cases, the current case was filed on the eve of a foreclosure sale date, as summarized in the following table comparing the filing dates in bankruptcy case numbers 16-31398, 17-31297, 18-30952, 19-30052, 19-31747, and 25-30738.

| Bankruptcy Case No. | Date Bankruptcy Filed | Foreclosure Sale Date |
|---|---|---|
| 16-31398 | September 7, 2016 | September 10, 2016<br><br>AAN-CV13-6014345-S, Doc. 131 |
| 17-31297 | August 24, 2017 | August 26, 2017<br><br>AAN-CV13-6014345-S, Doc. 157 |
| 18-30952 | June 4, 2018 | June 9, 2018<br><br>AAN-CV13-6014345-S, Doc. 196 |
| 19-30052 | January 10, 2019 | February 9, 2019<br><br>AAN-CV13-6014345-S, Doc. 203 |
| 19-31747 | October 23, 2019 | October 26, 2019 |

|  |  | AAN-CV13-6014345-S, Doc. 218 |
|---|---|---|
| **25-30738** | August 1, 2025 | August 2, 2025 |
|  |  | AAN-CV13-6014345-S, Doc. 333 |

Bankruptcy courts may "infer an intent to hider, delay, and defraud creditors from the fact of serial filings alone," *In re Procel*, 467 B.R. 297, 308 (S.D.N.Y. 2012) (internal citation omitted); *see also In re Magnale Farms, LLC*, No. 17-61344, 2018 WL 1664849, at *6 (Bankr. N.D.N.Y. Apr. 3, 2018) (explaining a court can draw such inferences "based on the mere timing and filing of several bankruptcy cases."); *In re Montalvo*, 416 B.R. 381, 387 (Bankr. E.D.N.Y. 2009) (recognizing the timing and sequencing of the filings as significant to finding a scheme to hinder, delay, or defraud).

The Court is permitted to take judicial notice of public filings on its own docket in a bankruptcy case, as well as those filed in other cases. Fed. R. Evid. 201; *Teamsters Nat'l Freight Indus. Negotiating Comm. et al. v. Howard's Express, Inc. (In re Howard's Express, Inc.)*, 151 F. App'x 46, 48 (2d Cir. 2005) (stating that courts are empowered to take judicial notice of public filings, including a court's docket); *Mei Guo v. Despins (In re Kwok)*, No. 3:24-CV-724 (KAD), 2025 U.S. Dist. LEXIS 10092, at *22 (D. Conn. Jan. 21, 2025); *In re Spirit Airlines, Inc.*, 668 B.R. 689, 695 n.6 (Bankr. S.D.N.Y. 2025); *Harrington v. Racki (In re Bishop)*, 578 B.R. 158, 164 (Bankr. W.D.N.Y. 2017); *Katzenstein v. VIII SV5556 Lender, LLC (In re St. Vincent's Cath. Med. Ctrs. of New York)*, 440 B.R. 587, 599 (Bankr. S.D.N.Y. 2010); *American Tissue, Inc. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 351 F. Supp. 2d 79, 96 n.17 (S.D.N.Y. 2004) ("The Court can take judicial notice of matters of public record . . . including filings in related lawsuits ....") (citing *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000)).

As detailed above, it is well-settled that bankruptcy courts do not have jurisdiction to review the final judgments of state courts. See *In re Cody, Inc.*, 281 B.R. 182, 189 (S.D.N.Y. 2002), aff'd in part, appeal dismissed in part, 338 F.3d 89 (2d Cir. 2003) (determining that the bankruptcy court could not disturb the final order of a state court regarding a tax debt) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). Based on the timing and filing of these six bankruptcy cases in relation to foreclosure dates for the Property, the Court draws the inference the serial filings are part of a scheme to hinder and delay the creditor without cause.

Multiple of the Debtor's prior cases were dismissed, in essence due to an inability or refusal by the Debtor to participate in the bankruptcy process as required by the Bankruptcy Code and Rules, or to file required information.  See, Case No. 18-30952, ECF No. 14; Case No. 17-31297, ECF No. 11 (orders dismissing Debtor's prior case for failure to file required documents and pay the filing fee).  This case does not appear to be any different.  In the Debtor's current case, she has failed to make payments to the Chapter 13 Trustee or to propose a plan that makes any payments to creditors. ECF Nos. 15, 56; see also ECF No. 42.

Based on this record, the Court concludes the Debtor filed this petition as part of a scheme to delay, hinder, or defraud creditors involving multiple bankruptcy filings affecting the property, within the meaning of 11 U.S.C. § 362(d)(4).  Accordingly, the Movant is entitled to *in rem* relief regarding the Property for a period of two years.

**11 U.S.C. § 1307(c) – Dismissal for Cause**

Section 1307(c) of the Bankruptcy Code permits dismissal "for cause," including for "failure to commence making timely payments under Section 1326." 11 U.S.C. §

1307(c)(4).  Section 1326(a)(1) mandates that a debtor "shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier." 11 U.S.C. § 1326(a)(1).  Here, the Debtor has not made any payments to the Trustee, as required.  Courts consistently hold that nonpayment or delinquency in plan payments constitutes "cause" to dismiss under § 1307(c)(4). *In re Mitrany*, No. 08-BK-40034, 2008 Bankr. LEXIS 1659, 2008 WL 2128162, at *6 (Bankr. E.D.N.Y. May 16, 2008); *Tenore v. Frost (In re Tenore)*, 2025 U.S. Dist. LEXIS 116958 (S.D.N.Y. June 16, 2025).  Accordingly, cause exists to dismiss under §§ 1307(c)(4) and 1326(a).

Section 1307(c) also authorizes dismissal for "unreasonable delay by the debtor that is prejudicial to creditors" and "denial of confirmation of a plan". 11 U.S.C. §§ 1307(c)(1), (5).  A debtor bears the burden to propose a plan that is feasible and otherwise confirmable within the statutory framework. *In re Felberman*, 196 B.R. 678, 685 (Bankr. S.D.N.Y. 1995).  Here the Debtor has not carried that burden.  A plan has not been confirmed despite the case pending since August, and the Debtor's proposed plan is not confirmable due to both the lack of proposed payments to any creditor and the Debtor's ineligibility under Chapter 13 as discussed below.  Continued pendency of this case without a confirmable plan constitutes unreasonable delay prejudicial to creditors and supports dismissal.

Under 11 U.S.C. § 109(e), to qualify as a debtor under Chapter 13 of the Bankruptcy Code at the time of filing, an individual must have "regular income".  By the Debtor's own admissions, she does not currently have income, nor did she at the time

of filing. ECF No. 60 12/4/25 Hearing Audio 00:19:10 – 00:19:36. [1] Though the Court understands Ms. Lee is facing difficult circumstances, her case cannot proceed without meeting the eligibility requirements to be a Chapter 13 debtor under the Bankruptcy Code. Thus, the Debtor's failure to qualify as an individual with regular income is an independent basis for dismissal of the case for cause, pursuant to 11 U.S.C. § 109(e).

Considering all of the Debtor's arguments and these factors, the Court concludes there is cause to dismiss this case. See, 11 U.S.C. § 1307(c).

Accordingly, it is hereby;

**ORDERED**: The Motion for Relief from Stay, ECF No.22, is GRANTED pursuant to 11 U.S.C. § 362(d)(4). An order which may be recorded upon the land records will be entered separately. And it is further;

**ORDERED**: The Trustee's Motion to Dismiss, ECF No. 36, is GRANTED pursuant to 11 U.S.C. § 1307(c) without prejudice. An order dismissing the case shall be entered separately.

Dated this 17th day of December, 2025, at New Haven, Connecticut.



Ann M. Nevins
Chief United States Bankruptcy Judge
District of Connecticut

---

[1] Audio recordings for the hearings are available on the Court's electronic docket as an attachment to the PDFs docketed ECF No. 60.