**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| In re:<br><br> Linda Ann Lee,<br><br>*Debtor* | Case No.: 25-30738 (AMN)<br>Chapter 13<br><br><br>Re: ECF No. 77 |
|---|---|

**MEMORANDUM OF DECISION AND ORDER OVERRULING**
**OBJECTION TO THE CHAPTER 13 STANDING TRUSTEE'S FINAL ACCOUNT**

The Court issues this memorandum in response to Linda Ann Lee's (the 'Debtor') Objection to the Chapter 13 Trustee's Final Report and Account filed as ECF No. 77 (the 'Objection'). The Debtor filed a petition under Chapter 13 of the Bankruptcy Code on August 1, 2025 (the 'Petition Date'). The Court dismissed this case on December 18, 2025, pursuant to 11 U.S.C. § 1307(c) for failure to file a confirmable Chapter 13 Plan and failure to make plan payments. *See* ECF No. 64. The Chapter 13 Trustee (the 'Trustee') filed a Final Report and Account (the 'Final Report') pursuant to 11 USC § 1302(b)(1), and the Debtor subsequently filed an objection. ECF Nos. 72, 77. As the Debtor correctly notes in the Objection, it was timely filed pursuant to Fed.R.Bankr.P. 9006(f), due to the three additional days provided when service occurs via mail.

The Objection seeks clarity on several points, including the fact that the case was dismissed, in part, for the Debtor's failure to make plan payments despite there being no confirmed Chapter 13 Plan. Pursuant to 11 U.S.C. § 1326(a)(1), unless otherwise ordered by the Court, debtors must begin making plan payments to the Trustee within 30 days of filing the case even if a Chapter 13 Plan has not yet been confirmed. 11 U.S.C. § 1326(a)(1)(A).

The Debtor's proposed Chapter 13 Plan, which offered no payments to creditors and listed debts as "undetermined" despite creditors filing Proofs of Claim for $201,652.49 in unsecured debt, failed to meet the requirements necessary for confirmation. *See* 11 U.S.C. § 1322; ECF No. 15; Proofs of Claim 1, 2, and 3. As noted in the Court's Order to Show Cause, based on the filed claims the Trustee estimated the Debtor would need to propose monthly payments of approximately $4,800 for her Chapter 13 Plan to be confirmable. ECF No. 42. Debtors are required to file a confirmable Chapter 13 Plan within 14 days after the Petition Date and must begin making payments based on it within 30 days after it is filed. Fed.R.Bankr.P. 3015(b)(1); 11 U.S.C. § 1326(a)(1). Here, neither obligation was met, therefore dismissal was appropriate on both grounds.

The Debtor also objects to the Trustee's assertion that the bankruptcy estate was "fully administered". ECF No. 72, p. 2. The Debtor objects because she continues to own her home, which has equity. ECF No. 77, p. 1. Upon dismissal, a Chapter 13 Trustee must file a final report detailing the bankruptcy estate's assets and their administration before the case can close and the Trustee's duties be discharged. *See* 11 U.S.C. § 107(a)(9); COLLIER ON BANKRUPTCY ¶ 1302.03[g] (Richard Levin & Henry J. Sommer eds.,16th ed.). This report does not serve as an adjudication or determination of ownership of assets or equity. Once the assets are fully administered and the Trustee is discharged, the Court must then close the case. 11 U.S.C. § 350(b). The use of the phrase "fully administered" is standard language in this context and merely confirms compliance with the necessary statutory requirements. The same is true for the report's language requesting the Court, not, as the Debtor interpreted in her objection, the Trustee, "grant such other relief as may be just and proper". This statement merely

acknowledges the Court's authority to award relief beyond that which is specifically requested.

The Objection questions the Final Report's listing of $251,000 in exempted assets. This figure reflects the Debtor's self-reported Schedule C exemptions, filed under penalty of perjury. ECF No. 2. In the Schedules, the Debtor claimed a $250,000 exemption in a single-family home and a $1,000 exemption in a vehicle. The figure in the Final Report accurately summarizes the exemptions reported by the Debtor.

Lastly, the Objection includes questions regarding the Debtor's request to for extension of time to pay the final filing fee installment, which was not ruled upon prior to the case's dismissal. The Court approved the Debtor's Application to Pay Filing Fees in Installments on August 1, 2025. ECF No. 5. On November 21, 2025, the Debtor filed a Motion for Extension of Time requesting an additional 90 days to pay the final filing fee installment of $253.00. ECF No. 49.

Upon dismissal of a case, remaining pending matters become moot unless otherwise ordered by the court. *See Clark v. Santander Bank, N.A.*, 670 B.R. 367, 379 (D. Conn. Feb. 14, 2025); *In re Bolling*, 609 B.R. 454, 455 (Bankr. D. Conn. Dec. 18, 2019). Because the Court did not otherwise order, the Debtor's Motion for Extension of Time became moot upon the case's dismissal. Even prior to dismissal, a pending motion does not, on its own, suspend or alter the existing payment deadlines.

Accordingly, it is hereby

**ORDERED**: The Objection to the Trustee's Final Account and Report filed as ECF No. 77 is OVERRULED.

Dated this 19th day of March, 2026, at New Haven, Connecticut.

*Ann M. Nevins*
Chief United States Bankruptcy Judge
District of Connecticut